UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROSIBEL RINGLING,<br><br>                              Plaintiff,<br>     -against-<br><br>NEW YORK PRESBYTERIAN HEALTHCARE SYSTEM, INC., 61ST STREET SERVICE CORP, and MARISSA HARVEY,<br><br>                              Defendants. | CV: 14-2257 (AT)(SN)<br><br>**ANSWER** |

Defendant, 61st Street Service Corp. ("Service Corp."), by and through its attorneys, Putney, Twombly, Hall & Hirson LLP, as and for its Answer to the Complaint filed by Plaintiff Rosibel Ringling dated March 27, 2014 (the "Complaint"), in the above-captioned action states as follows:

1. Denies each and every allegation contained in Paragraph 1 of the Complaint, except admits that Plaintiff purports to proceed under the statutes cited therein.

2. Denies each and every allegation contained in Paragraph 2 of the Complaint, and respectfully refers all questions of law to the Court for resolution.

3. Denies each and every allegation contained in Paragraph 3 of the Complaint, and respectfully refers all questions of law to the Court for resolution.

4. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of the Complaint.

5. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of the Complaint.

6. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of the Complaint.

7. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the Complaint.

8. Denies each and every allegation contained in Paragraph 8 of the Complaint.

9. Admits the allegations contained in Paragraph 9 of the Complaint

10. Admits the allegations contained in Paragraph 10 of the Complaint.

11. Denies each and every allegation contained in Paragraph 11 of the Complaint.

12. Admits the allegations contained in Paragraph 12 of the Complaint.

13. Denies each and every allegation contained in Paragraph 13 of the Complaint.

14. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the Complaint.

15. Denies each and every allegation contained in Paragraph 15 of the Complaint.

16. Denies each and every allegation contained in Paragraph 16 of the Complaint, except admits that Ms. Harvey possessed supervisory authority over Plaintiff for periods of her employ until July 15, 2013.

17. Paragraph 17 of the Complaint contains no factual allegations. Therefore, no response is required.

18. Admits the allegations contained in Paragraph 18 of the Complaint.

19. Admits the allegations contained in Paragraph 19 of the Complaint.

20. Denies each and every allegation contained in Paragraph 20 of the Complaint.

21. Denies each and every allegation contained in Paragraph 21 of the Complaint, except admits that Plaintiff raised a complaint to Service Corp. in May 2013 that Ms. Harvey had engaged in unprofessional behavior and made inappropriate comments in the workplace. Service

Corp. separately avers that it conducted an investigation in connection with Ms. Harvey's employer which substantiated Plaintiff's complaint.

22.     Denies each and every allegation contained in Paragraph 22 of the Complaint, except admits that Plaintiff raised a complaint to Service Corp. in May 2013 that Ms. Harvey had engaged in unprofessional behavior and made inappropriate comments in the workplace. Service Corp. separately avers that it conducted an investigation in coordination with Ms. Harvey's employer which substantiated Plaintiff's complaint.

23.     Denies each and every allegation contained in Paragraph 23 of the Complaint, except admits that Plaintiff raised a complaint to Service Corp. in May 2013 that Ms. Harvey had engaged in unprofessional behavior and made inappropriate comments in the workplace. Service Corp. affirmatively states that Plaintiff never raised a complaint to Service Corp. regarding disparate assignment of work. Service Corp. separately avers that it conducted an investigation in coordination with Ms. Harvey's employer which substantiated Plaintiff's complaint.

24.     Denies each and every allegation contained in Paragraph 24 of the Complaint, except admits that during an investigative interview with Judith Ruiz, PHR, Director of Service Corp., regarding Plaintiff's complaints, Plaintiff stated that she feared retaliation from Ms. Harvey.

25.     Denies each and every allegation contained in Paragraph 25 of the Complaint, except admits that during an investigative interview with Judith Ruiz, PHR, Director of Service Corp., regarding Plaintiff's complaints, Plaintiff reported that Ms. Harvey had made the remark quoted in Paragraph 25.

26.     Denies each and every allegation contained in Paragraph 26 of the Complaint, except admits that Ms. Harvey had the authority to direct Service Corp. employees assigned to the 51 West 51st Street, New York, New York location, and admits that during an investigative

interview with Judith Ruiz, PHR, Director of Service Corp., regarding Plaintiff's complaints, Plaintiff reported that Ms. Harvey had made the statement quoted in Paragraph 26.

27. Denies each and every allegation contained in Paragraph 27 of the Complaint, except admits, upon information and belief, that Plaintiff met with Meghan Murphy in May 2013 and reported to Ms. Murphy during the meeting that Ms. Harvey had made the comment quoted in Paragraph 26 of the Complaint.

28. Admits, upon information and belief, the allegations contained in Paragraph 28 of the Complaint.

29. Denies each and every allegation contained in Paragraph 29 of the Complaint, except admits that Service Corp. received a letter from Plaintiff on May 22, 2013 memorializing Plaintiff's complaints against Ms. Harvey.

30. Denies each and every allegation contained in Paragraph 30 of the Complaint, except admits that Service Corp. conducted an investigation in coordination with Ms. Harvey's employer that substantiated several of Plaintiff's allegations against Ms. Harvey, and admits that Service Corp. subsequently advised Plaintiff that her complaint had been addressed, that Ms. Harvey's employer had demoted her from her supervisory position, and that Plaintiff should not fear retaliation. Service Corp. separately avers that Plaintiff was advised that should she have any questions or concerns, she could speak to Ms. Murphy or contact Service Corp. Service Corp. affirmatively states that Plaintiff advised Service Corp. that the conduct about which she had complained had ceased.

31. Denies each and every allegation contained in Paragraph 31 of the Complaint, except admits that Service Corp. advised Plaintiff that she should not fear retaliation as a result of her complaint about Ms. Harvey.

32. Denies each and every allegation contained in Paragraph 32 of the Complaint.

33. Denies each and every allegation contained in Paragraph 33 of the Complaint.

34. Denies each and every allegation contained in Paragraph 34 of the Complaint.

35. Denies each and every allegation contained in Paragraph 35 of the Complaint.

36. Denies each and every allegation contained in Paragraph 36 of the Complaint.

37. Denies each and every allegation contained in Paragraph 37 of the Complaint.

38. Denies each and every allegation contained in Paragraph 38 of the Complaint.

39. Denies each and every allegation contained in Paragraph 39 of the Complaint.

40. Denies each and every allegation contained in Paragraph 40 of the Complaint, except admits that on or about March 24, 2014, Plaintiff gave Service Corp. two weeks' notice of her resignation. Service Corp. separately avers that prior to her resignation, Plaintiff filed a Verified Complaint dated September 16, 2013 with the New York State Division of Human Rights alleging discrimination and retaliation, and subsequently retained counsel to send a demand letter dated December 30, 2013 on her behalf to Service Corp.

41. Denies each and every allegation contained in Paragraph 41 of the Complaint.

42. Denies each and every allegation contained in Paragraph 42 of the Complaint.

43. Denies each and every allegation contained in Paragraph 43 of the Complaint.

44. Denies each and every allegation contained in Paragraph 44 of the Complaint.

45. Denies each and every allegation contained in Paragraph 45 of the Complaint.

46. Denies each and every allegation contained in Paragraph 46 of the Complaint.

47. Denies each and every allegation contained in Paragraph 47 of the Complaint.

48. Denies each and every allegation contained in Paragraph 48 of the Complaint.

49. Denies each and every allegation contained in Paragraph 49 of the Complaint.

50. Denies each and every allegation contained in Paragraph 50 of the Complaint.

51. Denies each and every allegation contained in Paragraph 51 of the Complaint.

52. Denies each and every allegation contained in Paragraph 52 of the Complaint.

53. With respect to Paragraph 53 of the Complaint, Service Corp. repeats the responses to Paragraphs 1 through 52 of the Complaint, as if fully set forth herein.

54. Paragraph 54 of the Complaint cites a legal statute to which no response is required. Service Corp. respectfully refers all questions of law to the Court for resolution.

55. Denies each and every allegation contained in Paragraph 55 of the Complaint.

56. With respect to Paragraph 56 of the Complaint, Service Corp. repeats the responses to Paragraphs 1 through 55 of the Complaint, as if fully set forth herein.

57. Paragraph 57 of the Complaint cites a legal statute to which no response is required. Service Corp. respectfully refers all questions of law to the Court for resolution.

58. Denies each and every allegation contained in Paragraph 58 of the Complaint.

59. With respect to Paragraph 59 of the Complaint, Service Corp. repeats the responses to Paragraphs 1 through 58 of the Complaint, as if fully set forth herein.

60. Paragraph 60 of the Complaint cites a legal statute to which no response is required. Service Corp. respectfully refers all questions of law to the Court for resolution.

61. Denies each and every allegation contained in Paragraph 61 of the Complaint.

62. With respect to Paragraph 62 of the Complaint, Service Corp. repeats the responses to Paragraphs 1 through 61 of the Complaint, as if fully set forth herein.

63. Paragraph 63 of the Complaint cites a legal statute to which no response is required. Service Corp. respectfully refers all questions of law to the Court for resolution.

64. Denies each and every allegation contained in Paragraph 64 of the Complaint.

65. With respect to Paragraph 65 of the Complaint, Service Corp. repeats the responses to Paragraphs 1 through 64 of the Complaint, as if fully set forth herein.

66. Paragraph 66 of the Complaint cites a legal statute to which no response is required. Service Corp. respectfully refers all questions of law to the Court for resolution.

67. Denies each and every allegation contained in Paragraph 67 of the Complaint.

68. Denies each and every allegation contained in Paragraph 68 of the Complaint.

69. No response is required to Plaintiff's demand for a jury trial. To the extent that a response is required, Service Corp. respectfully refers the issue of whether Plaintiff is entitled to a jury trial to the Court for resolution.

70. No response is required to the allegations contained in the "WHEREFORE" Paragraph of the Complaint. To the extent that a response is required, Service Corp. denies that any relief sought by Plaintiff is warranted or appropriate, sustainable in fact, or available in law.

## AS AND FOR A FIRST DEFENSE

71. The Complaint fails to state a claim upon which relief may be granted.

## AS AND FOR A SECOND DEFENSE

72. Any and all actions taken by Service Corp. were based on legitimate, nondiscriminatory and nonretaliatory reasons unrelated to Plaintiff's race, national origin or protected activity.

## AS AND FOR A THIRD DEFENSE

73. Plaintiff voluntarily resigned from employment with Service Corp.

74. Therefore, Plaintiff is not entitled to recover.

## AS AND FOR A FOURTH DEFENSE

75. The Complaint is barred, in whole or in part, to the extent that it was not filed within the period of time mandated by the applicable statutes of limitations.

## AS AND FOR A FIFTH DEFENSE

76. Plaintiff's claims are barred, either in whole or in part, to the extent that Plaintiff has failed to file a timely claim thereon with relevant administrative agencies and exhaust all necessary administrative remedies or procedures regarding such claims.

## AS AND FOR A SIXTH DEFENSE

77. The Complaint is barred, in whole or in part, to the extent it relies upon, or refers to claims not asserted in Plaintiff's Verified Complaint at the New York State Division of Human Rights.

## AS AND FOR A SEVENTH DEFENSE

78. Upon information and belief, Plaintiff failed to mitigate damages, if any exist, as required under the law.

## AS AND FOR AN EIGHTH DEFENSE

79. Plaintiff's claims for relief are barred, in whole or in part, by the doctrines of laches, waiver and/or estoppel.

## AS AND FOR A NINTH DEFENSE

80. Plaintiff's claims are barred, in whole or in part, by the equitable doctrine of unclean hands.

## AS AND FOR A TENTH DEFENSE

81. The claims must be dismissed because Service Corp. exercised reasonable care to prevent and to promptly correct any alleged discriminatory conduct in the workplace.

**WHEREFORE**, Defendant 61st Street Service Corp. demands judgment as follows:

(i) dismissing the Complaint in its entirety;

(ii) granting Service Corp. reasonable attorneys' fees, costs and disbursements incurred in this action; and

(iii) granting such other, further and different relief as this Court deems just and proper.

Dated: New York, New York
July 9, 2014

_____
Mark A. Hernandez
Adriana S. Kosovych
PUTNEY, TWOMBLY, HALL & HIRSON LLP
521 Fifth Avenue
New York, New York  10175
(212) 682-0020
(212) 682-9380 (fax)
*Attorneys for Defendant*
*61st Street Service Corp.*

## **CERTIFICATE OF SERVICE**

The undersigned, a member of the Bar of this Court, hereby certifies that she caused a true and accurate copy of the foregoing ANSWER to be filed electronically with the Court and thus to be served via electronic case filing (ECF) on July 9, 2014 upon:

>Marjorie Mesidor, Esq.
>Phillips & Associates PLLC
>45 Broadway, Suite 620
>New York, New York 10006
>(212) 248-7431
>*Attorneys for Plaintiff*

_____
Adriana S. Kosovych