**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **ROSIBEL RINGLING,**<br><br>                               **Plaintiff,**<br><br>    -against-<br><br>**61ˢᵗ STREET SERVICE CORPORATION, THE TRUSTEES OF COLUMBIA UNIVERSITY IN THE CITY OF NEW YORK and MARISSA HARVEY,** *Individually*,<br><br>                               **Defendants.** | **CV: 14-2257 (AT)(SN)**<br><br><br>**ANSWER TO**<br>**AMENDED COMPLAINT** |

Defendant, The Trustees of Columbia University in the City of New York ("Columbia University"), by and through its attorneys, Putney, Twombly, Hall & Hirson LLP, as and for its Answer to the Amended Complaint filed by Plaintiff Rosibel Ringling dated August 1, 2014 (the "Complaint"), in the above-captioned action states as follows:

1.    Denies each and every allegation contained in Paragraph 1 of the Complaint, except admits that Plaintiff purports to proceed under the statutes cited therein.

2.    Denies each and every allegation contained in Paragraph 2 of the Complaint, and respectfully refers all questions of law to the Court for resolution.

3.    Denies each and every allegation contained in Paragraph 3 of the Complaint, and respectfully refers all questions of law to the Court for resolution.

4.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of the Complaint.

5.    Denies each and every allegation contained in Paragraph 5 of the Complaint.

1

6.      Denies each and every allegation contained in Paragraph 6 of the Complaint, except admits that Columbia University is a duly organized institution of higher learning.

7.      Admits the allegations contained in Paragraph 7 of the Complaint.

8.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Complaint

9.      Admits, upon information and belief, the allegations contained in Paragraph 9 of the Complaint.

10.      Admits the allegations contained in Paragraph 10 of the Complaint.

11.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the Complaint.

12.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the Complaint.

13.      Denies each and every allegation contained in Paragraph 13 of the Complaint, except admits that Ms. Harvey was employed by Columbia University and admits that Ms. Harvey is a black female.

14.      Denies each and every allegation contained in Paragraph 14 of the Complaint, except admits that Ms. Harvey possessed supervisory authority over Plaintiff for periods of her employ until July 15, 2013.

15.      Paragraph 15 of the Complaint contains no factual allegations.  Therefore, no response is required.

16.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of the Complaint.

17.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of the Complaint.

18.    Denies each and every allegation contained in Paragraph 18 of the Complaint.

19.    Denies each and every allegation contained in Paragraph 19 of the Complaint, except admits that Plaintiff raised a complaint in May 2013 that Ms. Harvey had engaged in unprofessional behavior and made inappropriate comments in the workplace.

20.    Denies each and every allegation contained in Paragraph 20 of the Complaint, except admits that Plaintiff raised a complaint in May 2013 that Ms. Harvey had engaged in unprofessional behavior and made inappropriate comments in the workplace.

21.    Denies each and every allegation contained in Paragraph 21 of the Complaint, except admits that Plaintiff raised a complaint in May 2013 that Ms. Harvey had engaged in unprofessional behavior and made inappropriate comments in the workplace.   Columbia University affirmatively states that Plaintiff never raised a complaint to Columbia University regarding disparate assignment of work.

22.    Denies each and every allegation contained in Paragraph 22 of the Complaint, except admits, upon information and belief, that during an investigative interview with Judith Ruiz, PHR, Director of Service Corp., regarding Plaintiff's complaints, Plaintiff stated that she feared retaliation from Ms. Harvey.

23.    Denies each and every allegation contained in Paragraph 23 of the Complaint, except admits, upon information and belief, that during an investigative interview with Judith Ruiz, PHR, Director of Service Corp., regarding Plaintiff's complaints, Plaintiff reported that Ms. Harvey had made the remark quoted in Paragraph 23.

24.     Denies each and every allegation contained in Paragraph 24 of the Complaint, except: admits that Ms. Harvey had the limited authority to direct Service Corp. employees assigned to the 51 West 51st Street, New York, New York location; admits that Plaintiff reported to Ms. Meghan Murphy, Practice Manager, that Ms. Harvey had purportedly made the statement quoted in Paragraph 24; and admits, upon information and belief, that during an investigative interview with Judith Ruiz, PHR, Director of Service Corp., regarding Plaintiff's complaints, Plaintiff reported that Ms. Harvey had made the statement quoted in Paragraph 24.

25.     Denies each and every allegation contained in Paragraph 25 of the Complaint, except admits that Plaintiff met with Meghan Murphy in May 2013 and reported to Ms. Murphy during the meeting that Ms. Harvey had purportedly made the comment quoted in Paragraph 24 of the Complaint.

26.     Denies each and every allegation contained in Paragraph 26 of the Complaint, except admits that Plaintiff met with Meghan Murphy in May 2013 and reported to Ms. Murphy during the meeting that Ms. Harvey had purportedly made the comment quoted in Paragraph 24 of the Complaint.

27.     Denies each and every allegation contained in Paragraph 27 of the Complaint, except admits, upon information and belief, that Service Corp. received a letter from Plaintiff on May 22, 2013 memorializing Plaintiff's complaints against Ms. Harvey.

28.     Denies each and every allegation contained in Paragraph 28 of the Complaint, except: admits that Service Corp. conducted an investigation in conjunction with Columbia University; admits that Columbia University demoted Ms. Harvey from her supervisory position; and admits, upon information and belief, that Service Corp. subsequently advised Plaintiff that

her complaint had been addressed, that Ms. Harvey's employer had demoted her from her supervisory position, and that Plaintiff should not fear retaliation.

29.      Denies each and every allegation contained in Paragraph 29 of the Complaint, except admits, upon information and belief, that Service Corp. advised Plaintiff that she should not fear retaliation as a result of her complaint about Ms. Harvey.

30.      Denies each and every allegation contained in Paragraph 30 of the Complaint.

31.      Denies each and every allegation contained in Paragraph 31 of the Complaint.

32.      Denies each and every allegation contained in Paragraph 32 of the Complaint.

33.      Denies each and every allegation contained in Paragraph 33 of the Complaint.

34.      Denies each and every allegation contained in Paragraph 34 of the Complaint.

35.      Denies each and every allegation contained in Paragraph 35 of the Complaint.

36.      Denies each and every allegation contained in Paragraph 36 of the Complaint.

37.      Denies each and every allegation contained in Paragraph 37 of the Complaint.

38.      Denies each and every allegation contained in Paragraph 38 of the Complaint.

39.      Denies each and every allegation contained in Paragraph 39 of the Complaint.

40.      Denies each and every allegation contained in Paragraph 40 of the Complaint.

41.      Denies each and every allegation contained in Paragraph 41 of the Complaint.

42.      Denies each and every allegation contained in Paragraph 42 of the Complaint, except admits, upon information and belief, that on or about March 24, 2014, Plaintiff gave Service Corp. two weeks' notice of her resignation.

43.      Denies each and every allegation contained in Paragraph 43 of the Complaint.

44.      Denies each and every allegation contained in Paragraph 44 of the Complaint.

45.      Denies each and every allegation contained in Paragraph 45 of the Complaint.

46.    Denies each and every allegation contained in Paragraph 46 of the Complaint, except admits, upon information and belief, that on April 1, 2014, Plaintiff commenced the instant action by filing a Complaint naming New York-Presbyterian Healthcare System, Inc., 61st Street Service Corporation and Marissa Harvey as defendants, alleging discrimination and retaliation under 42 U.S.C. § 1981 and the New York City Human Rights Law.

47.    Denies each and every allegation contained in Paragraph 47 of the Complaint, except admits that on July 11, 2014, Plaintiff entered the premises of The Columbia University Department of Obstetrics and Gynecology medical practice located at 51 West 51st Street, New York, New York 10019.

48.    Denies each and every allegation contained in Paragraph 48 of the Complaint.

49.    Denies each and every allegation contained in Paragraph 49 of the Complaint.

50.    Denies each and every allegation contained in Paragraph 50 of the Complaint.

51.    Denies each and every allegation contained in Paragraph 51 of the Complaint.

52.    Denies each and every allegation contained in Paragraph 52 of the Complaint.

53.    Denies each and every allegation contained in Paragraph 53 of the Complaint.

54.    Denies each and every allegation contained in Paragraph 54 of the Complaint.

55.    Denies each and every allegation contained in Paragraph 55 of the Complaint.

56.    Denies each and every allegation contained in Paragraph 56 of the Complaint.

57.    Denies each and every allegation contained in Paragraph 57 of the Complaint.

58.    Denies each and every allegation contained in Paragraph 58 of the Complaint.

59.    With respect to Paragraph 59 of the Complaint, Columbia University repeats the responses to Paragraphs 1 through 58 of the Complaint, as if fully set forth herein.

60.     Paragraph 60 of the Complaint cites a legal statute to which no response is required. Columbia University respectfully refers all questions of law to the Court for resolution.

61.     Denies each and every allegation contained in Paragraph 61 of the Complaint.

62.     With respect to Paragraph 62 of the Complaint, Columbia University repeats the responses to Paragraphs 1 through 61 of the Complaint, as if fully set forth herein.

63.     Paragraph 63 of the Complaint cites a legal statute to which no response is required. Columbia University respectfully refers all questions of law to the Court for resolution.

64.     Denies each and every allegation contained in Paragraph 64 of the Complaint.

65.     With respect to Paragraph 65 of the Complaint, Columbia University repeats the responses to Paragraphs 1 through 64 of the Complaint, as if fully set forth herein.

66.     Paragraph 66 of the Complaint cites a legal statute to which no response is required. Columbia University respectfully refers all questions of law to the Court for resolution.

67.     Denies each and every allegation contained in Paragraph 67 of the Complaint.

68.     With respect to Paragraph 68 of the Complaint, Columbia University repeats the responses to Paragraphs 1 through 67 of the Complaint, as if fully set forth herein.

69.     Paragraph 69 of the Complaint cites a legal statute to which no response is required. Columbia University respectfully refers all questions of law to the Court for resolution.

70.     Denies each and every allegation contained in Paragraph 70 of the Complaint.

71.     With respect to Paragraph 71 of the Complaint, Columbia University repeats the responses to Paragraphs 1 through 70 of the Complaint, as if fully set forth herein.

72.     Paragraph 72 of the Complaint cites a legal statute to which no response is required. Columbia University respectfully refers all questions of law to the Court for resolution.

73.     Denies each and every allegation contained in Paragraph 73 of the Complaint.

74.    Denies each and every allegation contained in Paragraph 64 of the Complaint.

75.    No response is required to Plaintiff's demand for a jury trial.  To the extent that a response is required, Columbia University respectfully refers the issue of whether Plaintiff is entitled to a jury trial to the Court for resolution.

76.    No response is required to the allegations contained in the "WHEREFORE" Paragraph of the Complaint.  To the extent that a response is required, Columbia University denies that any relief sought by Plaintiff is warranted or appropriate, sustainable in fact, or available in law.

## AS AND FOR A FIRST DEFENSE

77.    The Complaint fails to state a claim upon which relief may be granted.

## AS AND FOR A SECOND DEFENSE

78.    Any and all actions taken by Columbia University were based on legitimate, nondiscriminatory and nonretaliatory reasons unrelated to Plaintiff's race, national origin or protected activity.

## AS AND FOR A THIRD DEFENSE

79.    Plaintiff voluntarily resigned from employment with Service Corp.

80.    Therefore, Plaintiff is not entitled to recover.

## AS AND FOR A FOURTH DEFENSE

81.    The Complaint is barred, in whole or in part, to the extent that it was not filed within the period of time mandated by the applicable statutes of limitations.

## AS AND FOR A FIFTH DEFENSE

82.    Plaintiff's claims are barred, either in whole or in part, to the extent that Plaintiff has failed to file a timely claim thereon with relevant administrative agencies and exhaust all necessary administrative remedies or procedures regarding such claims.

## AS AND FOR A SIXTH DEFENSE

83.    The Complaint is barred, in whole or in part, to the extent it relies upon, or refers to claims not asserted in Plaintiff's Verified Complaint at the New York State Division of Human Rights.

## AS AND FOR A SEVENTH DEFENSE

84.    Upon information and belief, Plaintiff failed to mitigate damages, if any exist, as required under the law.

## AS AND FOR AN EIGHTH DEFENSE

85.    Plaintiff's claims for relief are barred, in whole or in part, by the doctrines of laches, waiver and/or estoppel.

## AS AND FOR A NINTH DEFENSE

86.    Plaintiff's claims are barred, in whole or in part, by the equitable doctrine of unclean hands.

## AS AND FOR A TENTH DEFENSE

87.    Plaintiff's claims must be dismissed because Columbia University exercised reasonable care to prevent and to promptly correct any alleged discriminatory conduct in the workplace and because Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities provided by Columbia University.

## AS AND FOR AN ELEVENTH DEFENSE

88.    To the extent Plaintiff did avail herself of preventative and corrective opportunities provided by Columbia University by complaining of alleged discriminatory conduct in the workplace, Plaintiff's claims must be dismissed because Columbia University promptly addressed and resolved Plaintiff's complaints to her satisfaction.

## AS AND FOR A TWELFTH DEFENSE

89.    The Complaint is barred, in whole or in part, to the extent that Plaintiff has released any and all claims against Columbia University as of November 5, 2013

**WHEREFORE**, Defendant The Trustees of Columbia University in the City of New York demands judgment as follows:

    (i)    dismissing the Complaint in its entirety;

    (ii)    granting Columbia University reasonable attorneys' fees, costs and disbursements incurred in this action; and

    (iii)    granting such other, further and different relief as this Court deems just and proper.

Dated:    New York, New York
        October 6, 2014

Mark A. Hernandez
Adriana S. Kosovych
PUTNEY, TWOMBLY, HALL & HIRSON LLP
521 Fifth Avenue
New York, New York  10175
(212) 682-0020
(212) 682-9380 (fax)
*Attorneys for Defendant The Trustees of
Columbia University in the City of New York*

## CERTIFICATE OF SERVICE

The undersigned, a member of the Bar of this Court, hereby certifies that she caused a true and accurate copy of the foregoing ANSWER TO AMENDED COMPLAINT of THE TRUSTEES OF COLUMBIA UNIVERSITY IN THE CITY OF NEW YORK to be filed electronically with the Court and thus to be served via electronic case filing (ECF) on October 6, 2014 upon:

> Marjorie Mesidor, Esq.
> Phillips & Associates PLLC
> 45 Broadway, Suite 620
> New York, New York 10006
> (212) 248-7431
> *Attorneys for Plaintiff*
>
> Marc B. Zimmerman, Esq.
> Phillips Nizer LLP
> 666 Fifth Avenue
> New York, New York 10103-0084
> (212) 841-0512
> *Attorneys for Defendant Marissa Harvey*

_____
Adriana S. Kosovych