Jones, A.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/28/2015
```

ROSIBEL RINGLING,

                       Plaintiff,

- against -

61ST STREET SERVICE CORP., THE TRUSTEES OF COLUMBIA UNIVERSITY IN THE CITY OF NEW YORK, and MARISSA HARVEY, *Individually*,

                       Defendants.

Civil Action No.:14-CV-2257(AT)(SN)

## STIPULATION OF CONFIDENTIALITY

     **IT IS HEREBY STIPULATED AND AGREED** by, between and among Plaintiff Rosibel Ringling ("Plaintiff"), The Trustees of Columbia University in the City of New York ("Columbia"), 61st Street Service Corp. ("Service Corp.") and individual defendant Marissa Harvey ("Harvey") (collectively, the "Parties"), as follows:

     1.    All Confidential Information, as defined herein, produced by the Plaintiff, Columbia, Service Corp. and/or Harvey for purposes of the Parties' litigation of this action shall be subject to the terms and provisions set forth herein.

     2.    Any Party to this Stipulation may, by contemporaneous letter identifying information as confidential and/or by indicating by notation on the information itself that the information is confidential, designate as "Confidential Information" (1) any proprietary, financial, personnel, confidential or otherwise sensitive information, documentation or files pertaining to any one or more of the Parties to this action, their current or former employees or independent contractors, and/or their affiliates; (2) personal identifying information, such as Social Security numbers, dates of birth and financial account numbers; and (3) any health-related

information pertaining to Plaintiff or Plaintiff's family members.

3. Each Party shall act in good faith in designating documents or information hereunder as Confidential Material.

3. Except as otherwise provided in this Stipulation of Confidentiality, material designated as "Confidential Information" may be examined only by the following persons:

    a. Plaintiff;

    b. Columbia;

    c. Service Corp.;

    d. Harvey;

    e. The Parties' respective counsel and employees of the Parties' counsel, including associate attorneys, paralegals, litigation assistants, and secretarial, stenographic and clerical personnel assisting such counsel in this action;

    f. To the extent necessary for the prosecution and defense of this action, actual or proposed witnesses, third party deponents, independent consultants or experts retained in connection with this action by any of the Parties' counsel, and any other person(s) whom any Party's counsel deems necessary, so long as each such person signs the attached Agreement to be Bound by Stipulation of Confidentiality before any Confidential Information is shared;

    e. Any individual who has already seen such document;

    f. Stenographers, court reporters, and litigation support vendors and their staff, but only to the extent necessary to prepare and/or present sworn testimony in this action;

    g. Any mediator mutually agreed to by the Parties to attempt to resolve this action; and

h.      Magistrates, judges, clerks or other members or employees of any court of competent jurisdiction over proceedings in or related to the instant action or any law enforcement agency; provided, however, that disclosure of "Confidential Information" to any such individual be restricted to such "Confidential Information" as counsel reasonably and in good faith believe need be disclosed to the individual in order for counsel properly to prepare the case for trial.

4.      Any Confidential Information produced in this action shall be used solely for the purpose of litigating and/or mediating this action.

5.      The producing party may waive the confidentiality provisions of this Stipulation of Confidentiality as to any information designated as confidential or any portion thereof only by explicit written waiver.  Such waiver shall not result in a waiver of the confidential status of any other information deemed confidential pursuant to this Stipulation of Confidentiality.

6.      The testimony of any witness deposed on oral examination shall be deemed Confidential Information for a period of thirty (30) days after receipt by counsel of the transcript of the deposition.  After expiration of such thirty (30) day period, the transcript no longer will be deemed Confidential Information unless a Party or its counsel designates such transcript, in whole or in part, as Confidential Information pursuant to this Stipulation.  The fact that a question posed at a deposition would elicit Confidential Information shall not be grounds for an objection.  The Stipulation of Confidentiality shall not preclude counsel for the Parties from using during any deposition in this action any documents or information that has been designated as Confidential.

7.      Any document or information that may contain Confidential Information that has been inadvertently produced without identification as to its "confidential" nature as provided in Paragraph 2 of this Stipulation may be so designated by the party asserting confidentiality by

written notice to the undersigned counsel for the receiving party identifying the document or information as "confidential" within a reasonable time following the discovery that the document or information has been produced without such designation.

8. Nothing in this Stipulation shall require disclosure of information which is protected by the attorney-client privilege, work product immunity or other privilege or immunity, and the inadvertent production of information or materials that are protected by the attorney/client privilege, work product immunity, or other privilege or immunity shall not operate as a waiver of such privilege or immunity. If a producing party becomes aware that it has inadvertently produced information or materials that are protected by the attorney-client privilege, work product immunity, or other privilege or immunity, the producing party should promptly notify each receiving party in writing of the inadvertent production. Once a receiving party receives notice of the inadvertent production, it shall make reasonable efforts to gather up information and materials were distributed to others and shall return copies of such inadvertently produced material within three (3) business days of receiving such notice. The producing party bears the burden of establishing the privileged nature of any inadvertently produced information or materials. Each receiving party shall refrain from distributing or otherwise using the inadvertently disclosed information or materials for any purpose until the discoverability of the materials is agreed by the parties or resolved by the Court. If a receiving party becomes aware that it is in receipt of information or materials which it knows or reasonably should know is privileged, Counsel for the receiving party shall immediately take steps to (i) stop reading such information or materials, (ii) notify Counsel for the producing party of such information or materials, (iii) collect all copies of such information or materials, (iv) return such information or materials to the producing party, and (v) otherwise comport themselves with Rule 4.4(b) of the

4

New York Rules of Professional Conduct.

9. Any party that desires relief from the provisions of this Stipulation of Confidentiality, such as filing Confidential Information with the Court as part of any pleadings, motions, attachments or exhibits to motions, or desires further protection with respect to confidentiality must first seek to reach agreement with the other party, but if agreement cannot be reached, the party may seek appropriate relief, including an application to file the Confidential Information under seal, from the Court upon no less than three (3) business days' notice to the other party before making such application. The other party may oppose the application and seek other relief as may be appropriate.

10. Any document or information marked "Confidential" in accordance with the terms of this Stipulation of Confidentiality shall remain confidential and may not be used or otherwise disclosed to any person or entity following the complete resolution of this matter by settlement or final, non-appealable judicial determination.

11. Nothing in this Stipulation mandates that any document or information is subject to discovery or that any document or information produced during discovery is admissible as evidence in this case, or prevents any party from using such document or information in any motion to the court or at trial.

12. This Order shall not: (a) prejudice in any way the right of a party to object to the production of documents or information it considers not subject to discovery; (b) prejudice in any way the right of a party to seek a court determination of whether particular discovery material should be produced; (c) prejudice in any way the right of a party to object to the introduction into evidence of any documents or information it considers inadmissible; or (d) prejudice in any way a party's right to use its own documents or information, which may or may

not have been designated by a party as "CONFIDENTIAL," in any manner without consent of the opposing party or Court.

13. Nothing herein shall preclude the Parties from entering into a subsequent agreement, executed by counsel for the Parties, to withdraw a "CONFIDENTIAL" designation in connection with any motions or the trial of this Action.

14. Upon the final conclusion of this litigation, each party or other individual subject to the terms hereof shall be obligated to assemble and return to the originating source all originals and unmarked copies of Confidential Information, or, in the alternative, destroy such Confidential Information and confirm to the originating source of this destruction in writing. However, Counsel may retain complete copies of all transcripts, pleadings, and exhibits, regardless of whether they contain Confidential Information, for archival purposes.

Dated: New York, New York
December 2?, 2014

_____
Marjorie Mesidor
Nicole A. Welch
PHILLIPS & ASSOCIATES PLLC
45 Broadway, Suite 620
New York, NY 10006
(212) 248-7431
*Attorneys for Plaintiff*

Dated: New York, New York
December 29, 2014

_____
Mark A. Hernandez
Adriana S. Kosovych
PUTNEY, TWOMBLY, HALL & HIRSON LLP
521 Fifth Avenue
New York, New York 10175
(212) 682-0020
*Attorneys for Defendants 61st Street Service Corp. and The Trustees of Columbia University in the City of New York*

Dated: New York, New York
December 2?, 2014

_____
Marc B. Zimmerman
PHILLIPS NIZER LLP
666 Fifth Avenue
New York, New York 10103-0084
(212) 841-0512
*Attorneys for Defendant Marissa Harvey*

GRANTED. However, any party seeking to redact or file documents under seal must obtain prior Court approval in accordance with Paragraph IV.A of this Court's Individual Practices in Civil Cases.

SO ORDERED.
Dated: January 26, 2015
       New York, New York

6

_____
ANALISA TORRES
United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROSIBEL RINGLING,

                Plaintiff,

- against -

61ST STREET SERVICE CORP., THE
TRUSTEES OF COLUMBIA UNIVERSITY
IN THE CITY OF NEW YORK, and
MARISSA HARVEY, *Individually*,

                Defendants.

Civil Action No.:14-CV-2257(AT)(SN)

**AGREEMENT TO BE
BOUND BY STIPULATION
OF CONFIDENTIALITY**

I, _____, being duly sworn, state the following:

1)    I have read and understand the Stipulation of Confidentiality in place in the above-captioned action, and agree to be bound by the terms thereof; and

2)    I shall not use or disclose to others, except as permitted by the terms of the Stipulation of Confidentiality, any Confidential Information as defined therein.

Dated: _____, 201__

                By: _____

                Printed Name: _____

                Address: _____

                Entity or Individual Represented: _____

Subscribed to and sworn to me this
__ day of _____, 201_

_____
NOTARY PUBLIC