UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROSIBEL RINGLING,<br><br>         **Plaintiff,**<br> -against-<br><br>61st STREET SERVICE CORPORATION, THE TRUSTEES OF COLUMBIA UNIVERSITY IN THE CITY OF NEW YORK and MARISSA HARVEY, *Individually*,<br><br>         **Defendants.** | CV: 14-2257 (AT)(SN)<br><br>[PROPOSED] REVISED CIVIL CASE MANAGEMENT PLAN AND <u>SCHEDULING ORDER</u> |

ANALISA TORRES, United States District Judge:

  This Civil Case Management Plan (the "Plan") is submitted by the parties in accordance with Rule 26(f)(3), Fed. R. Civ. P.

1. All parties <u>do not consent</u> to conducting all further proceedings before a magistrate judge, including motions and trial. 28 U.S.C. § 636(c). The parties are free to withhold consent without adverse substantive consequences.

2. This case <u>is</u> to be tried to a jury.

3. Amended pleadings may not be filed and additional parties may not be joined except with leave of the Court. Any motion to amend or to join additional parties shall be filed by October 28, 2014.

4. The parties will serve initial disclosures pursuant to the Order Regarding Initial Discovery in Certain Employment Cases and Initial Discovery Protocols for Employment Cases Alleging Adverse Action on or before November 5, 2014, unless otherwise agreed to by the parties and so ordered by the Court.

5. All <u>fact</u> discovery shall be completed no later than May 8, 2015.

6. The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules for the Southern District of New York. The following interim deadlines may be extended by the written consent of all parties without application to the Court, provided that all fact discovery is completed by the date set forth in paragraph 5 above:

  a. Initial requests for production of documents to be served by November 17, 2014.

    b. Interrogatories to be served by November 17, 2014.
    c. Depositions to be completed by April 2, 2015.
    d. Requests to Admit to be served no later than April 9, 2015.

7. As to expert discovery: The parties do not anticipate the need for expert discovery at this time. However, the parties reserve the right to proceed with expert discovery should the need arise. Should the need for expert discovery arise, such discovery shall be completed within 45 days from the close of the date in paragraph 5, i.e., the close of fact discovery.

8. All motions and applications shall be governed by the Court's Individual Practices, including pre-motion conference requirements, except that motions in limine may be made without a pre-motion conference on the schedule set forth in paragraph 11. Pursuant to the authority of Rule 16(c)(2), Fed. R. Civ. P., any motion for summary judgment will be deemed untimely unless a request for a pre-motion conference is made in writing within fourteen (14) days of the date in paragraph 5, i.e., the close of fact discovery.

9. All counsel must meet face-to-face for at least one hour to discuss settlement within fourteen (14) days following the close of fact discovery.

10.   a. Counsel for the parties have discussed an informal exchange of information in aid of an early settlement of this case and have agreed upon the following: Pursuant to the Order Regarding Initial Discovery in Certain Employment Cases and Initial Discovery Protocols for Employment Cases Alleging Adverse Action, the parties will exchange initial disclosures within the deadlines set forth therein.

    b. Counsel for the parties have discussed the use of the following alternative dispute resolution mechanisms for use in this case: (i) a settlement conference before a magistrate judge; (ii) participation in the District's Mediation Program; and/or (iii) retention of a privately retained mediator. Counsel for the parties propose the following alternative dispute resolution mechanism for this case: This case has been referred to mandatory mediation pursuant to the Order of Automatic Referral dated July 9, 2014. The parties participated in a mediation session with the assigned mediator on December 11, 2014.

    c. Counsel for the parties recommend that the alternative dispute resolution mechanism designated in paragraph b, be employed at the following point in the case: The parties participated in mandatory mediation in accordance with the Order of Automatic Referral dated July 9, 2014. The parties are willing to revisit private settlement discussions and/or request a settlement conference with Magistrate Judge Netburn after the close of fact discovery.

    d. The use of any alternative dispute resolution mechanism does not stay or modify any date in this Order.

11. The Final Pretrial Submission Date is thirty (30) days following the close of fact and expert discovery (whichever is later). By the Final Pretrial Submission Date, the parties shall submit a Joint Pretrial Order prepared in accordance with the Court's Individual Practices and Rule 26(a)(3), Fed. R. Civ. P. Any motions in limine shall be filed after the close of discovery and before the Final Pretrial Submission Date and the pre-motion conference is waived for any such motion. If this action is to be tried before a jury, proposed *voir dire* questions, jury instructions and verdict form shall also be filed by the Final Pretrial Submission Date. Counsel are required to meet and confer on a joint submission of proposed jury instructions and verdict form, noting any points of disagreement in the joint submission. Jury instructions may not be submitted after the Final Pretrial Submission Date, unless they meet the standard of Rule 51(a)(2)(A), Fed. R. Civ. P. If this action is to be tried to the Court, proposed findings of fact and conclusions of law should be submitted by the Final Pretrial Submission Date.

12. Counsel for the parties have conferred and their present best estimate of the length of trial is: 5 days.

13. Additional matters:

    a. The parties have entered into a Stipulation of Confidentiality, which will be submitted to the Court to be so-ordered.

    b. As to electronically stored information ("ESI"): The parties anticipate that the ESI in this matter (if any) will be primarily in the form of electronic mail, which will be produced in hard copy form in response to appropriate discovery demands. However, the parties reserve the right to revise any demands regarding ESI depending on representations made during the discovery process.

---------------------------------------------------------------------------------------------------------------

**TO BE COMPLETED BY THE COURT:**

The Plan has been reviewed by the Court and, except as modified, is adopted as the Scheduling Order of this Court in accordance with Rule 16(b), Fed. R. Civ. P.

14. [Other]

15. The next Case Management Conference is scheduled for _____ at _____. [Absent exceptional circumstances, a date fourteen (14) days from the date in paragraph 5, i.e., the completion of all fact discovery.]

This ORDER may not be modified or the dates herein extended, except by further order of this Court for good cause shown. Any application to modify or extend the dates herein (except as noted in paragraph 6) shall be made in a written application in accordance with paragraph I.A. of the Court's Individual Practices and shall be made no less than five (5) days prior to the expiration of the date sought to be extended.

SO ORDERED.

Dated: _____
        New York, New York